MAYOR AND ALDERMEN OF KNOXVILLE *v.* SANFORD, CHAMBERLAIN & ALBERS.

MUNICIPAL CORPORATIONS. *Taxation by.* Under an ordinance declaring certain occupations and business transactions privileges, and taxing them as such, among others enumerating "hacks, carriages, drays and wheeled vehicles run for a profit," a firm of merchants are liable who kept a dray used for the hauling of goods to the depot for their non-resident customers and for which service drayage was charged.

FROM KNOX.

Appeal in error from the Circuit Court at Knoxville. S. A. RODGERS, J.

S. G. HEISKEL for Knoxville.

ANDREWS & THORNBURG for Sanford, Chamberlain & Albers.

DEADERICK, C. J., delivered the opinion of the court.

This is an agreed case, showing that defendants are wholesale merchants in Knoxville, and keep a dray and pair of horses, with which they haul from their place of business to the depot, goods sold to their customers to be transported by railroad. For this service they charge drayage, but they charge nothing for delivering their goods to customers in the city, and used their dray for no other purpose.

A warrant was issued for failing to take out a license and the recorder fined each of the defendants

35—VOL. 13.

$3.33⅓, and they appealed to the circuit court. His Honor, the circuit judge, reversed the judgment of the recorder and discharged defendants, and plaintiffs have appealed to this court.

The question presented is, are the defendants bound to take out license to run their dray or wagon upon the facts disclosed in the agreement?

By an ordinance certain occupations and business transactions were declared privileges and taxed as such, and were not to be pursued without license. Amongst other things enumerated were "hacks, carriages, drays and wheeled vehicles run for profit."

The power to pass the ordinance is not questioned, but defendants insist they are not liable to the tax because the running of the wagon is not their occupation or business, but is only an incident and convenience in the conduct of their business as merchants, and they do not fall within the provisions of said ordinance. They charge only such of their customers drayage as receive their goods by railroad, and do not haul for and receive pay therefor from the public. It is also ingeniously argued that running their dray is neither their occupation nor their business. The ordinance taxes the occupations and business transactions specified. The running of the dray to the depot for pay may not be the chief occupation or sole business of defendants, yet it is a business transaction, and although it may not yield sufficient profit to defray the expense of it, it is nevertheless run for pay or profit, as their customers are required to pay for the service rendered. The law and the ordinance treat the bus-

Lane *v.* Railroad Company.

iness of merchandising as distinct from the running of a dray, and the fact of the latter being useful in the conduct of the former cannot excuse the necessity of obtaining license for both. Although the defendants do not exact pay from all their customers for the service of their wagon, they do charge and receive pay from a large class of persons—their non-resident customers, and fall within the description of the ordinance as being engaged in business transactions for profit or pay.

We are of opinion the judgment of the circuit judge was erroneous and it will be reversed, and judgment will be rendered here affirming the judgment of the recorder.